**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| NIA MALIKA GOSSETT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | FILE NO. _____ |
| ) | |
| THE KROGER CO., ) | |
| KENNETH JACKSON and ) | |
| ABC CORPORATION, ) | |
| ) | |
| Defendants. ) | |

## DEFENDANT THE KROGER CO.'S PETITION FOR REMOVAL

COMES NOW Defendant The Kroger Co. (hereinafter referred to as "Defendant" or "Kroger") by and through undersigned counsel, and shows this Honorable Court the following:

1.

This action was filed in the State Court of DeKalb County, Georgia. Plaintiff's Complaint are attached hereto as Exhibit "A". Defendants' Answers are attached hereto as Exhibit "B". Defendants' Demand for Trial by a Jury of Twelve Persons is attached hereto as Exhibit "C").

2.

The action is a civil action for personal bodily injuries and medical expenses where Plaintiff alleges she injured her left arm, hand, fingers, elbow, wrist and shoulder at a Kroger store located at 1745 Highway 138, Conyers, Rockdale County,

Georgia 30013, and the United States District Court for the Northern District of Georgia has jurisdiction by reason of the diversity of citizenship of the parties. The Atlanta Division of this Court is the proper Division for this removal as further set forth below. (N.D.G.A. Local Rule 3.1, (A), LR App. A, 1).

3.

The matter in dispute exceeds $75,000.00, the statutory amount in controversy, exclusive of interest and costs, as evidenced by the Settlement Demand from Plaintiff's counsel dated May 24, 2021 (attached hereto as Exhibit "D," but without the voluminous attachments which included over 200 pages of medical records and bills) in which Plaintiff's counsel sets forth a demand for $650,000.00, based on an incomplete itemization of medical expenses in excess of $115,463.40.[1]

4.

A true and correct copy of all process, pleadings, and orders served upon Defendant The Kroger Co. in this action are attached hereto as Exhibit "E."

---

[1] Plaintiff's Complaint for Damages (the "Complaint") sets forth the same dollar amount in terms of special damages. Additionally, Paragraph 28, Plaintiff alleges damages including medical expenses, lost wages, and pain and suffering. Plaintiff also asserts a claim for expenses of litigation and attorney's fees at Paragraph 29 of the Complaint. Plaintiff's Complaint is separately attached hereto as Exhibit "A."

5.

(a) At the time of the commencement of this action in DeKalb County State Court, and since that time, Plaintiff Nia Malika Gossett was and is now, a citizen of Georgia.

(b) Defendant Kroger at the time this action was commenced and at the present time, was and still is a corporation, incorporated and existing under and by virtue of the laws of Ohio having its principal place of business in Ohio, and a citizen of Ohio.

(c) Plaintiff's claims against ABC Corporation are improper and must be dismissed. Fictitious party pleading is not permitted in federal court, unless a plaintiff describes the defendants with enough specificity to determine their identities. Richardson v. Johnson, 598 F.3d 734, 738 (11th Cir. 2010); Bryant v. Progressive Mountain Ins. Co., 243 F. Supp. 3d 1333, 1343 (M.D. Ga. 2017); Wessinger v. Bd. of Regents of Univ. Sys. of Georgia, No. 1:06CV2626 WSD, 2007 WL 1430388, at *1 (N.D. Ga. May 14, 2007); Richardson v. Johnson, 598 F.3d 734 (11th Cir. 2010); New v. Sports & Recreation, Inc., 114 F.3d 1092, 1094 n. 1 (11th Cir. 1997) ("[F]ictitious party practice is not permitted in federal court.") Plaintiff does not describe the fictitious defendant in her Complaint, other than to state that it is a corporation existing under the laws of the state of Georgia, and thus, Plaintiff has not provided any

        description of the fictitious defendant in this case. Accordingly, the fictitious defendant is required to be dismissed. In any case, fictitious defendants are disregarded entirely with respect to diversity jurisdiction analysis. 28 U.S.C. § 1441(b)(1).

(d)    Kenneth Jackson is a citizen of Georgia. Mr. Jackson is a named defendant who was included as a party to defeat the otherwise proper removal of this case. A defendant's statutory "right of removal cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy." <u>Wilson v. Republic Iron & Steel Co.</u>, 257 U.S. 92, 97, 42 S.Ct. 35, 66 L.Ed. 144 (1921). Mr. Jackson is not a "properly joined" defendant in this case. Mr. Jackson is not a proper party in interest. Plaintiff's inclusion of Mr. Jackson in the Complaint qualifies as fraudulent joinder.

6.

The matter in controversy is between citizens of different States and, as outlined above, the amount in controversy exceeds $75,000.00.

7.

Accordingly, this action, over which the United States District Court for the Northern District of Georgia has original jurisdiction under 28 U.S.C. § 1332, is removable to the United States District Court for the Northern District of Georgia pursuant to 28 U.S.C. § 1441(b).

8.

Venue is proper in the Atlanta Division of the United States District Court for the Northern District of Georgia pursuant to 28 U.S.C. § 1441, 28 U.S.C., and §1391(a)(2); see also N.D.G.A. Local Rules LR 3.1 and LR App. 1. The alleged cause of action arose in the Northern District of Georgia; specifically, the activity complained of in Plaintiff's Complaint is alleged to have occurred in Rockdale County, Georgia which is part of the Atlanta Division. N.D.G.A. Local Rule 3.4; LR App. 1.

9.

As required by 28 U.S.C. § 1446(d), Defendant Kroger shall give written notice hereof to all adverse parties and shall file a copy of this *Petition of Removal* with the Clerk of the State Court of DeKalb County, Georgia.

10.

This removal is appropriate and in compliance with 28 U.S.C. § 1446(b)(2)(A) as all defendants who have been properly joined and served join in and consent to the removal of the action.

11.

The instant *Petition of Removal* is timely filed pursuant to and in accordance with 28 U.S.C. § 1446(b) and Fed.R.Civ.P. 6(a)(1)(C) within thirty days after the receipt by the Defendant of Plaintiff's initial pleading setting forth the claim(s) for relief upon which such action or proceeding is based.

12.

Furthermore, the instant *Petition of Removal* is timely filed, pursuant to and in accordance with 28 U.S.C. § 1446(c)(1), within one year of the service of the summons and Complaint upon Defendant Kroger.

WHEREFORE, Defendant The Kroger Co. requests that this action proceed in this Court as an action properly removed to it.

Respectfully submitted this 24th day of August, 2021.

| | |
|---|---|
| **GRAY, RUST, ST. AMAND,** <br> **MOFFETT & BRIESKE, L.L.P.** <br> 950 East Paces Ferry Road, N.E. <br> Suite 1700 – Salesforce Tower Atlanta <br> Atlanta, Georgia 30326 <br> Telephone:  (404) 870-7436 <br> Facsimile:   (404) 870-1030 | **/s/ Matthew G. Moffett** <br> Matthew G. Moffett <br> Georgia State Bar No.:  515323 <br> Dorothy Paul <br> Georgia State Bar No.:  836822 <br> *Attorneys for Defendants The Kroger Co.* <br> *and Kenneth Jackson* |

## **CERTIFICATE OF SERVICE**

This is to certify that I have this day served a copy of **DEFENDANT THE KROGER CO.'S PETITION FOR REMOVAL** with the Clerk of Court using the Court's electronic filing-and-service system, which will send electronic notification to all parties having appeared of record in this action:

**Robert D. Johnson, Esq.**
**John E. Alday, Esq.**
**JOHNSON & ALDAY, LLC**
**219 Roswell Street NE**
**Marietta, GA 30060**

Dated this 24th day of August, 2021.

| | |
|---|---|
| **GRAY, RUST, ST. AMAND,** | */s/ Matthew G. Moffett* |
| **MOFFETT & BRIESKE, L.L.P.** | Matthew G. Moffett |
| 950 East Paces Ferry Road, N.E. | Georgia State Bar No.:  515323 |
| Suite 1700 – Salesforce Tower Atlanta | Dorothy Paul |
| Atlanta, Georgia 30326 | Georgia State Bar No.:  836822 |
| Telephone:  (404) 870-2016 | *Attorneys for Defendants The Kroger* |
| Facsimile:   (404) 870-1030 | *Co.* |
| | *and Kenneth Jackson* |