*Nia Malika Gossett v. The Kroger Co.; Kenneth Jackson;*
*and ABC Corporation*
*State Court of DeKalb County, State of Georgia*
*Civil Action File Number: 21A03441*

*Nia Malika Gossett v. The Kroger Co.; Kenneth Jackson;*
*and ABC Corporation*
*USDC, Northern District, Atlanta Division*
*Civil Action File Number:  TBA*

# EXHIBIT A:
## PLAINTIFF NIA MALIKA GOSSETT'S COMPLAINT FOR DAMAGES

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| NIA MALIKA GOSSETT, | ) | |
| | ) | CIVIL ACTION |
| Plaintiff, | ) | 21A03441 |
| | ) | FILING NO.:_____ |
| v. | ) | |
| | ) | |
| THE KROGER CO., | ) | |
| KENNETH JACKSON and | ) | |
| ABC CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## COMPLAINT FOR DAMAGES

COMES NOW Plaintiff NIA MALIKA GOSSETT (hereinafter, "Plaintiff") in the above-styled action, and hereby files this Complaint for Damages against Defendants THE KROGER CO. (hereinafter "Kroger"), KENNETH JACKSON and ABC CORPORATION and shows the Court as follows:

1.

Plaintiff Nia Malika Gossett is a resident of the State of Georgia and has been a resident of the State of Georgia at all times relevant to this case.

2.

Defendant The Kroger Co. is a foreign profit corporation whose headquarters are located in Cincinnati, Ohio and is subject to the jurisdiction and venue of this Court pursuant to O.C.G.A. § 9-10-91. Service may be made upon Defendant through its registered agent, CSC of Cobb County, Inc., 192 Anderson Street, SE, Suite 125, Marietta, Georgia 30060.

3.

1

Defendant ABC Corporation is an unknown corporation organized and existing under the laws of the State of Georgia.  Defendant ABC Corporation is subject to the jurisdiction of this Honorable Court as a joint tortfeasor, pursuant to O.C.G.A. § 9-10-31.

4.

Defendant Kenneth Jackson is a resident of the State of Georgia and may be served with a copy of this Summons and Complaint at his residence, located at 6378 Leverett Drive, Lithonia, DeKalb County, Georgia 30038. Defendant is subject to the jurisdiction and venue of this Court.

5.

Defendant Kroger Co. owns, operates and maintains the Kroger "Conyers Square" store located at 1745 Highway 138, Conyers, Georgia 30013.

6.

Upon information and belief, Defendant Kenneth Jackson is the store manager of Defendant Kroger Co.'s Kroger store located at 1745 Highway 138, Conyers, Georgia 30013.

7.

Jurisdiction is proper as to the Defendants.

8.

Venue is proper as to the Defendants.

9.

Service and service of process is proper.

10.

This court has personal jurisdiction over the Defendants.

11.

2

On July 31, 2019, Plaintiff was an invitee at Defendant's Kroger store located at 1745 Highway 138, Conyers, Georgia 30013, as customer.

12.

On said date and upon information and belief, Defendant Kenneth Jackson was the store manager at Defendant's Kroger store located at 1745 Highway 138, Conyers, Georgia 30013. Defendant Kenneth Jackson was present on the premises as the time of plaintiff's incident and injuries.

13.

Plaintiff approached the store and attempted to enter the store through the front entrance. She entered the store walking behind other customers.

14.

Suddenly, and without warning, the automatic doors at the store's entrance closed on Plaintiff, injuring her left hand, fingers, arm, elbow, wrist and shoulder.

15.

On July 31, 2019, there were no warning signs in the area where plaintiff attempted to enter the store and was injured by the closing electric automatic doors.

16.

The Defendants knew or should have known, a damaged, defective, malfunctioning electric automatic door at the store's entrance was dangerous and could cause invitees to be injured.

17.

Plaintiff did nothing to cause or contribute to her incident and injuries and was not negligent in any manner.

18.

3

The Defendants' negligence included, but is not limited to, one or more of the following: failing to inspect the door(s) to make sure they were in proper working order, in failing to warn plaintiff of the existence of these dangerous conditions by putting up warning signs in the area of the improperly working electric automatic door(s), in failing to keep the store safe for invitees in violation of O.C.G.A. § 51-3-1, and any other acts of negligence that may be proven at trial.

19.

Plaintiff had no notice of the dangerous conditions at Defendants' place of business, Kroger "Conyers Square" store located at 1745 Highway 138, Conyers, Georgia 30013.

20.

At all times mentioned herein, Plaintiff acted with reasonable care under the conditions and circumstances then existing.

21.

Plaintiff had no reason to know of the dangerous conditions as there were no warning signs, caution tape or other warning devices in the area where she traversed and entered the store.

22.

Defendant Kroger Co., Defendant Kenneth Jackson, its employees and its agents owed a duty of care to Plaintiff to warn her of the dangerous condition entering the store.

23.

Defendants, its employees and its agents had actual knowledge of the dangerous condition at the store's entrance, specifically the improperly working electric automatic door, and failed to warn of the danger or remedy the danger prior to plaintiff sustaining injury as a result.

24.

As a result of Defendants' negligence, Plaintiff's left arm, hand, fingers, elbow, wrist and shoulder were struck by the closing door, and she was injured.

4

25.

Because of Defendants' negligence, plaintiff incurred reasonable, necessary, and continuing medical and healthcare expenses from the injuries, all of which was and will be a proximate cause of this incident in an amount to be proven at trial.

26.

Plaintiff has incurred medical special damages in the amount of at least **One Hundred Fifteen Thousand Four Hundred Sixty-Three and 40/100 Dollars ($115,463.40)**, to date and continuing, all proximately caused by Defendants' negligence.

27.

Due to Defendants' negligence, plaintiff has endured, and will continue to endure, mental, physical, and nervous pain and suffering. There is reasonable probability that the injuries will result in some permanent disability and impairment to the plaintiff.

28.

Plaintiff is entitled to recover for the injuries and pain and suffering sustained, and all other elements of damages allowed under Georgia law, including but not limited to all compensatory, general, special, consequential, lost wages and/or other damages permitted.

29.

To the extent Defendants fail to admit they are solely liable for causing the incident at issue, plaintiffs seek attorney's fees and costs pursuant to O.C.G.A. § 13-6-11.

WHEREFORE, plaintiff respectfully prays as follows:

a) A jury trial on all issues;

b) Service of the Summons and Complaint to be issued against the Defendants according to law;

c) Judgment against Defendants for medical special damages incurred by plaintiff in the amount of at least **One Hundred Fifteen Thousand Four Hundred Sixty-Three and 40/100 Dollars ($115,463.40),** to date and continuing to date and continuing;

d) Judgement against Defendants for general damages in an amount to be determined by the enlightened conscience of an impartial jury;

e) Judgment against Defendants for future special and general damages;

f) Attorney's fees, expenses and costs of litigation incurred in this action;

g) The award of pre-judgment and post-judgment interest on the damages awarded to plaintiff pursuant to O.C.G.A. § 51-12-14; and

h) Such other and further relief as this Court deems just and proper.

This 22nd day of July, 2021.

JOHNSON & ALDAY, LLC

ROBERT D. JOHNSON
Georgia Bar No. 125305
JOHN E. ALDAY
Georgia Bar No. 298669
*Attorneys for Plaintiff*

219 Roswell Street, NE
Marietta, Georgia 30060
(678)967-4040
bobby@johnsonalday.com
john@johnsonalday.com

STATE COURT OF
DEKALB COUNTY, GA.
7/22/2021 6:23 PM
E-FILED
BY: Siana Smith

6