*Nia Malika Gossett v. The Kroger Co.; Kenneth Jackson;*
*and ABC Corporation*
*State Court of DeKalb County, State of Georgia*
*Civil Action File Number: 21A03441*

*Nia Malika Gossett v. The Kroger Co.; Kenneth Jackson;*
*and ABC Corporation*
*USDC, Northern District, Atlanta Division*
*Civil Action File Number:  TBA*

# EXHIBIT B:
## DEFENDANTS THE KROGER CO. AND KENNETH JACKSON'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT

**IN THE STATE COURT OF DEKALB COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| NIA MALIKA GOSSETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| v. | ) | FILE NO.  21A03441 |
| | ) | |
| THE KROGER CO., | ) | |
| KENNETH JACKSON and | ) | |
| ABC CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

### ANSWER AND DEFENSES OF
### DEFENDANT THE KROGER CO.

COMES NOW The Kroger Co., named a defendant, by and through undersigned counsel, and hereby files its Answer and Defenses to Plaintiff's Complaint for Damages (the "Complaint"), respectively showing as follows:

### FIRST DEFENSE

For a first defense, Defendant The Kroger Co. ("Defendant" or "Kroger") responds to the enumerated paragraphs of the Complaint as follows:

1.

Defendant is without knowledge or information sufficient to allow it to either admit or deny the allegations contained in Paragraph 1 of Plaintiff's Complaint, which therefore are denied.

2.

Defendant admits it is an Ohio corporation authorized to transact business in the State of Georgia.  Defendant admits it may be served through its registered agent, CSC of Cobb County, Inc., at 192 Anderson Street SE, Suite 125, Marietta, GA, 30060.  Defendant denies all other remaining allegations contained in Paragraph 2 of the Complaint.

3.

Defendant is without knowledge or information sufficient to allow it to either admit or deny the allegations contained in Paragraph 3 of Plaintiff's Complaint, which therefore are denied.

4.

Paragraph 4 of Plaintiff's Complaint is admitted. Defendant further asserts Kenneth Jackson was not a Kroger employee or involved in the incident that forms the basis of the Complaint and denies Mr. Jackson is a property party in interest.

5.

Paragraph 5 of Plaintiff's Complaint is denied as pled.

6.

Paragraph 6 of Plaintiff's Complaint is denied.

7.

Paragraph 7 of Plaintiff's Complaint is denied.

8.

Paragraph 8 of Plaintiff's Complaint is denied.

9.

Paragraph 9 of Plaintiff's Complaint is admitted.

10.

Paragraph 10 of Plaintiff's Complaint is denied.

11.

Defendant is without knowledge or information sufficient to allow it to either admit or deny the allegations contained in Paragraph 11 of Plaintiff's Complaint, which therefore are denied.

12.

Paragraph 12 of Plaintiff's Complaint is denied.

13.

Defendant is without knowledge or information sufficient to allow it to either admit or deny the allegations contained in Paragraph 13 of Plaintiff's Complaint, which therefore are denied.

14.

Paragraph 14 of Plaintiff's Complaint is denied.

15.

Paragraph 15 of Plaintiff's Complaint is denied.

16.

Paragraph 16 of Plaintiff's Complaint is denied.

17.

Paragraph 17 of Plaintiff's Complaint is denied.

18.

Paragraph 18 of Plaintiff's Complaint is denied.

19.

Paragraph 19 of Plaintiff's Complaint is denied.

20.

Paragraph 20 of Plaintiff's Complaint is denied.

21.

Paragraph 21 of Plaintiff's Complaint is denied.

22.

Defendant admits to any legal duty required by law but denies that Paragraph 22 of the Complaint is an accurate representation of any such duty. Defendant denies Defendant Kenneth Jackson owed Plaintiff any premises liability duty.

23.

Paragraph 23 of Plaintiff's Complaint is denied.

24.

Paragraph 24 of Plaintiff's Complaint is denied.

25.

Paragraph 25 of Plaintiff's Complaint is denied.

26.

Paragraph 26 of Plaintiff's Complaint is denied.

27.

Paragraph 27 of Plaintiff's Complaint is denied.

28.

Paragraph 28 of Plaintiff's Complaint is denied.

29.

Paragraph 29 of Plaintiff's Complaint is denied.

30.

No response is required to the "WHEREFORE" paragraph following enumerated Paragraph 29 of Plaintiff's Complaint. By way of further response, Defendant denies any and all averments alleged in said paragraph and demands strict proof thereof.

31.

Defendant denies that it was negligent as alleged, or at all.

32.

Defendant denies that Plaintiff's alleged and/or claimed injuries and/or damages resulted from any act or omission by Defendant.

33.

Defendant denies that Defendant breached any applicable, material legal duty owing to Plaintiff.

34.

Defendant denies that it owed any applicable, material legal duty to Plaintiff.

35.

The only admission by Defendant in response to any averment alleged in Plaintiff's Complaint are express admissions, and any averment contained in Plaintiff's Complaint which has not been expressly admitted by Defendant in its Answer, is hereby denied and strict proof thereof is hereby demanded.

36.

Defendant denies that Plaintiff is entitled to the relief requested in her Complaint.

37.

Any and all allegations not specifically responded to are hereby denied.

**SECOND DEFENSE**

For a Second Defense, Defendant asserts that, to the extent the evidence supports it, Plaintiff failed to exercise care for her own safety, proximately causing, contributing to, or failing to mitigate the injuries, if any, sustained by Plaintiff in the occurrence which is the subject of this litigation.

**THIRD DEFENSE**

For a Third Defense, Defendant asserts that it breached no duty owed to Plaintiff.

**FOURTH DEFENSE**

For a Fourth Defense, Defendant asserts that no act or omission of this Defendant proximately caused the occurrence at issue in this litigation or any damages alleged by the Plaintiff.

**FIFTH DEFENSE**

For a Fifth Defense, Defendant asserts that to the extent the evidence supports it, Plaintiff may have assumed the risk of damages.

**SIXTH DEFENSE**

For a Sixth Defense, Defendant asserts that to the extent the evidence supports it, Plaintiff, in the exercise of ordinary care, could have avoided the consequences of the alleged negligence, any such negligence being specifically denied.

**SEVENTH DEFENSE**

For a Seventh Defense, Defendant asserts that the alleged hazard, if any, was open and obvious to Plaintiff.

**EIGHTH DEFENSE**

For an Eighth Defense, Defendant asserts that it is entitled to the defenses of comparative and contributory negligence.

## NINTH DEFENSE

For a Ninth Defense, Defendant asserts that to the extent that Plaintiff is claiming or seeking recovery for injuries which pre-existed the accident, or which were not proximately caused by the accident, Defendant asserts that it would not be liable under any circumstances for such claims.

## TENTH DEFENSE

For a Tenth Defense, Defendant asserts that venue is improper.

## ELEVENTH DEFENSE

For an Eleventh Defense, this Court lacks personal jurisdiction over this Defendant.

## TWELFTH DEFENSE

For a Twelfth Defense, Defendant denies that it has been stubbornly litigious, acted in bad faith, or caused the Plaintiff unreasonable trouble and expense and therefore the Plaintiff is not entitled to an award of attorney's fees pursuant to O.C.G.A. § 13-6-11.

Wherefore, having fully answered, Defendant requests that Plaintiff's Complaint for Damages be dismissed, and Defendant receive a judgment in his favor, with all costs cast against Plaintiff, and such other and further relief as the Court deems just and proper under the circumstances.

WHEREFORE, having fully responded to Plaintiff's Complaint by the filing of this, its Answer and Defenses, Kroger prays:

(a)     That judgment is rendered in favor of Defendant Kroger and against Plaintiff;

(b)     That the cost of this action be taxed against Plaintiff

(c)     That this matter be tried by a jury of twelve (12) members; and,

(d)     For such other and further relief as is meet and just.

Respectfully submitted this 23rd day of August, 2021.

| | |
|---|---|
| **GRAY, RUST, ST. AMAND,** | <u>***/s/ Dorothy Paul***</u> |
| **MOFFETT & BRIESKE, L.L.P.** | Matthew G. Moffett |
| 950 East Paces Ferry Road, N.E. | Georgia State Bar No.:  515323 |
| Suite 1700 – Salesforce Tower Atlanta | Dorothy Paul |
| Atlanta, Georgia 30326 | Georgia State Bar No.:  836822 |
| Telephone:     (404) 870-7436 | *Attorneys for Defendants The Kroger Co.* |
| Facsimile:     (404) 870-1030 | *and Kenneth Jackson* |

STATE COURT OF
DEKALB COUNTY, GA.
8/23/2021 3:56 PM
E-FILED
BY: Kelly Flack

## **CERTIFICATE OF SERVICE**

This is to certify that I have this day served a copy of the foregoing ***ANSWER AND DEFENSES OF DEFENDANT THE KROGER CO.*** with the Clerk of Court using the Court's electronic filing-and-service system, which will send electronic notification to all parties having appeared of record in this action:

**Robert D. Johnson, Esq.**
**John E. Alday, Esq.**
**JOHNSON & ALDAY, LLC**
**219 Roswell Street NE**
**Marietta, GA 30060**

Dated this 23rd day of August, 2021

*/s/ Dorothy Paul*
Dorothy Paul
Georgia Bar No. 836822

**IN THE STATE COURT OF DEKALB COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| NIA MALIKA GOSSETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| v. | ) | FILE NO.  21A03441 |
| | ) | |
| THE KROGER CO., | ) | |
| KENNETH JACKSON and | ) | |
| ABC CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

**ANSWER AND DEFENSES OF**
**DEFENDANT KENNETH JACKSON**

COMES NOW Kenneth Jackson, (hereinafter referred to as "Defendant"), by and through undersigned counsel, and hereby files his Answer and Defenses to Plaintiff's Complaint for Damages ("Complaint"), respectively showing as follows:

**FIRST DEFENSE**

For a first Defense, Defendant responds to the enumerated paragraphs of Plaintiff's Complaint as follows:

1.

Defendant is without knowledge or information sufficient to allow it to either admit or deny the allegations contained in Paragraph 1 of Plaintiff's Complaint, which therefore are denied.

2.

Defendant is without knowledge or information sufficient to allow it to either admit or deny the allegations contained in Paragraph 2 of Plaintiff's Complaint, which therefore are denied.

3.

Defendant is without knowledge or information sufficient to allow it to either admit or deny the allegations contained in Paragraph 3 of Plaintiff's Complaint, which therefore are denied.

4.

Defendant admits the allegations contained in Paragraph 4 of Plaintiff's Complaint but denies that he is a proper party in interest.

5.

Defendant is without knowledge or information sufficient to allow it to either admit or deny the allegations contained in Paragraph 5 of Plaintiff's Complaint, which therefore are denied.

6.

Paragraph 6 of Plaintiff's Complaint is denied.

7.

Paragraph 7 of Plaintiff's Complaint is denied.

8.

Paragraph 8 of Plaintiff's Complaint is denied.

9.

Paragraph 9 of Plaintiff's Complaint is admitted.

10.

Defendant admits this court has personal jurisdiction over him, but Defendant is without knowledge or information sufficient to allow it to either admit or deny the remaining allegations contained in Paragraph 10 of Plaintiff's Complaint, which therefore are denied.

11.

Defendant is without knowledge or information sufficient to allow it to either admit or deny the allegations contained in Paragraph 11 of Plaintiff's Complaint, which therefore are denied.

12.

Paragraph 12 of Plaintiff's Complaint is denied.

13.

Defendant is without knowledge or information sufficient to allow it to either admit or deny the allegations contained in Paragraph 13 of Plaintiff's Complaint, which therefore are denied.

14.

Defendant is without knowledge or information sufficient to allow it to either admit or deny the allegations contained in Paragraph 14 of Plaintiff's Complaint, which therefore are denied.

15.

Defendant is without knowledge or information sufficient to allow it to either admit or deny the allegations contained in Paragraph 15 of Plaintiff's Complaint, which therefore are denied.

16.

Paragraph 16 of Plaintiff's Complaint is denied.

17.

Defendant is without knowledge or information sufficient to allow it to either admit or deny the allegations contained in Paragraph 17 of Plaintiff's Complaint, which therefore are denied.

18.

Paragraph 18 of Plaintiff's Complaint is denied.

19.

Defendant is without knowledge or information sufficient to allow it to either admit or deny the allegations contained in Paragraph 19 of Plaintiff's Complaint, which therefore are denied.

20.

Defendant is without knowledge or information sufficient to allow it to either admit or deny the allegations contained in Paragraph 20 of Plaintiff's Complaint, which therefore are denied.

21.

Defendant is without knowledge or information sufficient to allow it to either admit or deny the allegations contained in Paragraph 21 of Plaintiff's Complaint, which therefore are denied.

22.

Paragraph 22 of Plaintiff's Complaint is denied.

23.

Paragraph 23 of Plaintiff's Complaint is denied.

24.

Paragraph 24 of Plaintiff's Complaint is denied.

25.

Paragraph 25 of Plaintiff's Complaint is denied.

26.

Paragraph 26 of Plaintiff's Complaint is denied.

27.

Paragraph 27 of Plaintiff's Complaint is denied.

28.

Paragraph 28 of Plaintiff's Complaint is denied.

29.

Paragraph 29 of Plaintiff's Complaint is denied.

30.

No response is required to the "PRAYER FOR RELIEF" paragraph following enumerated Paragraph 29 of Plaintiff's Complaint. By way of further response, Defendant denies any and all averments alleged in said paragraph and demands strict proof thereof.

31.

Defendant denies that he was negligent as alleged, or at all.

32.

Defendant denies that Plaintiff's alleged and/or claimed injuries and/or damages resulted from any act or omission by him.

33.

Defendant denies that he breached any applicable, material legal duty owing to Plaintiff.

34.

Defendant denies that he owed any applicable, material legal duty to Plaintiff.

35.

The only admission by Defendant in response to any averment alleged in Plaintiff's Complaint are express admissions, and any averment contained in Plaintiff's Complaint which has not been expressly admitted by Defendant in his Answer, is hereby denied and strict proof thereof is hereby demanded.

36.

Defendant denies that Plaintiff is entitled to the relief requested in her Complaint.

37.

Any and all allegations not specifically responded to are hereby denied.

## SECOND DEFENSE

For a Second Defense, Defendant asserts that, to the extent the evidence supports it, Plaintiff failed to exercise care for her own safety, proximately causing, contributing to, or failing to mitigate the injuries, if any, sustained by Plaintiff in the occurrence which is the subject of this litigation.

## THIRD DEFENSE

For a Third Defense, Defendant asserts that he breached no duty owed to Plaintiff.

## FOURTH DEFENSE

For a Fourth Defense, Defendant asserts that no act or omission of this Defendant proximately caused the occurrence at issue in this litigation or any damages alleged by the Plaintiff.

## FIFTH DEFENSE

For a Fifth Defense, Defendant asserts that to the extent the evidence supports it, Plaintiff may have assumed the risk of damages.

## SIXTH DEFENSE

For a Sixth Defense, Defendant asserts that to the extent the evidence supports it, Plaintiff, in the exercise of ordinary care, could have avoided the consequences of the alleged negligence, any such negligence being specifically denied.

## SEVENTH DEFENSE

For a Seventh Defense, Defendant asserts that the alleged hazard, if any, was open and obvious to Plaintiff.

## EIGHTH DEFENSE

For an Eighth Defense, Defendant asserts that he is entitled to the defenses of comparative and contributory negligence.

## NINTH DEFENSE

For a Ninth Defense, Defendant asserts that to the extent that Plaintiff is claiming or seeking recovery for injuries which pre-existed the accident, or which were not proximately caused by the accident, Defendant asserts that he would not be liable under any circumstances for such claims.

## TENTH DEFENSE

For a Tenth Defense, Defendant asserts that venue is improper.

## ELEVENTH DEFENSE

For an Eleventh Defense, Defendant denies that he has been stubbornly litigious, acted in bad faith, or caused the Plaintiff unreasonable trouble and expense and therefore the Plaintiff is not entitled to an award of attorney's fees pursuant to O.C.G.A. § 13-6-11.

## TWELFTH DEFENSE

For a Twelfth Defense, Defendant asserts that she is not the owner and/or occupier of the subject premises under § 51-3-1 and, therefore, cannot be held liable for any damages alleged by the Plaintiff.

## THIRTEENTH DEFENSE

For a Thirteenth Defense, Defendant asserts that he has been improperly named as a defendant, he is not a proper party in interest, he has been fraudulently joined, and Plaintiff's Complaint fails to state a claim upon which relief can be granted.

Wherefore, having fully answered, Defendant requests that Plaintiff's Complaint for Damages be dismissed and Defendant receive a judgment in his favor, with all costs cast against Plaintiff, and such other and further relief as the Court deems just and proper under the circumstances.

WHEREFORE, having fully responded to Plaintiff's Complaint by the filing of this, his Answer and Defenses, Defendant Kenneth Jackson prays:

(a)     That judgment is rendered in favor of Defendant Kenneth Jackson and against Plaintiff;

(b)     That the cost of this action be taxed against Plaintiff;

(c)     That this matter be tried by a jury of twelve (12) members; and,

(d)     For such other and further relief as is meet and just.

Respectfully submitted this 23rd day of August, 2021.

**GRAY, RUST, ST. AMAND,**
**MOFFETT & BRIESKE, L.L.P.**
950 East Paces Ferry Road, N.E.
Suite 1700 – Salesforce Tower Atlanta
Atlanta, Georgia 30326
Telephone:    (404) 870-7436
Facsimile:     (404) 870-1030

*/s/ Dorothy Paul*
Matthew G. Moffett
Georgia State Bar No.:  515323
Dorothy Paul
Georgia State Bar No.:  836822
*Attorneys for Defendants The Kroger Co.*
*and Kenneth Jackson*

STATE COURT OF
DEKALB COUNTY, GA.
8/23/2021 3:56 PM
E-FILED
BY: Kelly Flack

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the ***ANSWER AND DEFENSES OF DEFENDANT KENNETH JACKSON*** with the Clerk of Court using the Court's electronic filing-and-service system, which will send electronic notification to all parties having appeared of record in this action:

**Robert D. Johnson, Esq.**
**John E. Alday, Esq.**
**JOHNSON & ALDAY, LLC**
**219 Roswell Street NE**
**Marietta, GA 30060**

Dated this 23rd day of August, 2021

*/s/ Dorothy Paul*
Dorothy Paul
Georgia Bar No. 836822